*E-Filed 6/6/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALPHONSO VALDEZ HARRISON, | No. C 09-6052 RS (PR) |
| Plaintiff, | **ORDER DIRECTING DEFENDANTS TO FILE A SUMMARY JUDGMENT MOTION** |
| v. | |
| A. P. KANE, et al., | |
| Defendants. | |

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Plaintiff, after obtaining leave, filed a first amended complaint (Docket No. 19), and defendants filed an answer (Docket No. 29). Defendants' current motion for summary judgment (Docket No. 24) is based on the original, not the first amended, complaint. Accordingly, such motion is DENIED without prejudice. Defendants shall file a renewed motion for summary judgment regarding plaintiff's claims as they are stated in the first amended complaint. Such summary judgment motion shall be filed within 90 days from the date this order is filed. Plaintiff's opposition to the summary motion shall be filed with the Court and served on defendants no later than 45 days from the date defendants' motion is filed. Defendants shall file a reply brief no later than fifteen days after plaintiff's opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No

hearing will be held on the motion unless the Court so orders at a later date.

**Plaintiff is reminded of the following:**

1.   All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

2.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

3.   It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4.   The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v.*

United States District Court
For the Northern District of California

1    *Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

2    5.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

### CONCLUSION

Defendants' current motion for summary judgment (Docket No. 24) is DENIED without prejudice. Within 90 days of the date of this order, defendants shall file a renewed motion for summary judgment addressing the claims plaintiff sets forth in his first amended complaint. Plaintiff and defendants shall adhere to the briefing schedule set forth above. This order terminates Docket No. 24.

**IT IS SO ORDERED**.

DATED: June 6, 2011

                 RICHARD SEEBORG
                 United States District Judge