**United States District Court**
For the Northern District of California

*E-Filed 9/15/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ALPHONZO VALDEZ HARRISON,

      Plaintiff,

      v.

RUTH YARBROUGH, et al.,

      Defendants.

                              /

No. C 09-6052 RS (PR)

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT**

**INTRODUCTION**

    This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion for summary judgment is GRANTED as to all claims against all defendants.

**BACKGROUND**

    Plaintiff's factual allegations, which will be assumed as true for purposes of this order only, are as follows. Plaintiff alleges that he was struck on the back by a prison door on October 20, 2005 at Soledad State Prison. On that date, he was standing outside the medical clinic's direct observation therapy window to receive analgesic pills which were prescribed to him after back surgery he had in June. While looking through the window, plaintiff

**United States District Court**
For the Northern District of California

1   noticed Ruth Yarbrough, a medical assistant, and Dencil Bailey, a correctional officer,

2   engaged in "horseplay."  Yarbrough and plaintiff looked at each other through the window

3   and then plaintiff turned around to wait for his medication.  About thirty seconds later, the

4   clinic's steel door swung open, striking plaintiff in the back where his surgery was

5   performed.  Plaintiff yelled in pain and fell to his knees.  He shouted at Yarbrough that she

6   had hit him with the door where he had recently had surgery.  Plaintiff immediately requested

7   to be evaluated by a physician, but Yarbrough became "verbally abusive" and told plaintiff

8   that the incident was his fault.  Yarbrough further told plaintiff that she would write him up

9   in a Rules Violation Report for trying to get her in trouble.  Bailey, who was present for the

10  entire incident, said plaintiff needed to accept what had happened or he would co-sign any

11  Rule Violation Yarbrough wrote.  Plaintiff said it was not his intention to get Yarbrough in

12  trouble, he simply needed to see a doctor for his acute pain.  Yarbrough insisted that she

13  would not allow plaintiff to see a physician, and Bailey ordered plaintiff to leave the area.

14          Yarbrough and Bailey did not complete any incident or injury reports documenting

15  plaintiff's contact with the door.  On October 21, 2005, plaintiff filed an incident report.  On

16  October 22, 2005, plaintiff filed a Health Care Services Request regarding re-injury from

17  being hit in the back with a door.  Plaintiff was issued a priority medical pass on November

18  8, 2005 as a result of his October 22, 2005 request, and received medical attention on

19  November 15, 2005.  Since plaintiff's back operation in June and his subsequent alleged

20  re-injury in October 2005, he has been under the care of a physician.  On April 7, 2010,

21  plaintiff was diagnosed as a paraplegic.

22          Defendants' factual allegations are as follows.  Plaintiff has suffered from low back

23  pain since he was shot in the lower back in 1983 while he was serving in the military.  On

24  June 20, 2005, an operation on plaintiff's back was performed after which plaintiff received

25  follow up care, and "showed some improvement."  Defendants allege that an investigation by

26  prison authorities revealed that plaintiff's allegations regarding the October 20th incident

27  were not substantiated, and, consequently, his administrative appeals were denied.  None of

28

**United States District Court**
For the Northern District of California

1  his requests for health care or his medical records after October 20th mention any injury on

2  that date.[1]  Rather, plaintiff's medical records document only the ongoing treatment of the

3  plaintiff's back.  According to defendants, plaintiff admits that he did not know whether the

4  October 20th incident was intentional.

5  As grounds for relief, plaintiff claims that (1) defendant Yarbrough violated his Eighth

6  Amendment rights by causing plaintiff injury and by denying, and conspiring to deny,

7  plaintiff medical treatment; and (2) defendant Bailey conspired to violate plaintiff's Eighth

8  Amendment rights.[2]

9  **DISCUSSION**

10  **I.      Standard of Review**

11  Summary judgment is proper where the pleadings, discovery and affidavits

12  demonstrate that there is "no genuine dispute as to any material fact and that the moving

13  party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are

14  those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

15  242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a

16  reasonable jury to return a verdict for the nonmoving party. *Id.*

17  The party moving for summary judgment bears the initial burden of identifying those

18  portions of the pleadings, discovery and affidavits which demonstrate the absence of a

19  genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  On an

20  issue for which the non-moving party will have the burden of proof at trial, as is the case

21  here, the moving party need only point out "that there is an absence of evidence to support

22  the nonmoving party's case." *Id.* at 325.

23

24

25  [1]Plaintiff's requests for pain medication on September 27, 2005, October 25, 2005, and November 6, 2005, that is, just before and after the alleged incident, were granted. (MSJ at 4.)

26

27  [2] Claims against defendants A.P. Kane, warden at Soledad, and William Wilson, acting health care manager, were omitted from plaintiff's amended complaint. The Court construes this omission as a motion voluntarily to dismiss the claims against Kane and Wilson. So construed,

28  the motion is GRANTED, and the claims against Kane and Wilson are DISMISSED.

**United States District Court**
For the Northern District of California

1   Once the moving party meets its initial burden, the nonmoving party must go beyond

2   the pleadings and, by its own affidavits or discovery, show that a material fact is genuinely

3   disputed.  Fed. R. Civ. P. 56(c).  The court is only concerned with disputes over material

4   facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*,

5   477 U.S. at 248.  It is not the task of the court to scour the record in search of a genuine issue

6   of triable fact.  *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party

7   has the burden of identifying, with reasonable particularity, the evidence that precludes

8   summary judgment.  *Id*.  If the nonmoving party fails to make this showing, "the moving

9   party is entitled to judgment as a matter of law."  *Celotex*, 477 U.S. at 323.

10  **II.    Claims**

11  Plaintiff alleges that defendants Yarbrough and Bailey violated the Eighth

12  Amendment by (A) violating their duty of care, and (B) denying, and conspiring to deny,

13  plaintiff medical treatment.  As set forth below, no material disputed facts preclude entry of

14  judgment in favor of defendants on these claims.

15  **A.    Duty of Care**

16  A prison official violates the Eighth Amendment when two requirements are met:

17  (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511

18  U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison

19  official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

20  The state of mind in a prison-condition case is one of "deliberate indifference."  A prison

21  official is deliberately indifferent if he knows that a prisoner faces a substantial risk of

22  serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer*,

23  511 U.S. at 837.  Consequently, in order for deliberate indifference to be established, there

24  must exist both a purposeful act or failure to act on the part of the defendant and harm

25  resulting therefrom.  *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).  Neither

26  negligence nor gross negligence will constitute deliberate indifference.  *See Farmer*, 511

27  U.S. at 835–36 & n.4.

28

1    Plaintiff has not shown a genuine dispute of material fact as to his duty of care claim.

2 His allegations amount at most to negligence or gross negligence.  Indeed, plaintiff never

3 alleges facts or presents evidence that Yarbrough intentionally caused the door to strike him,

4 or was aware of plaintiff's back condition or recent surgery.  He asserts only that

5 "[d]efendant Bailey's negligence and/or "horseplaying with C/O Yarbrough[ ] caused the

6 heavy metal door to forcefully swing open an strike [p]laintiff in his back."  (First Am.

7 Compl. ¶¶ 52.)  Plaintiff's allegations show that at most the incident was an accident

8 resulting from "horseplay."  As noted above, negligence or even gross negligence is not

9 sufficient to show a violation of the Eighth Amendment.  Accordingly, defendants' motion

10 for summary judgment as to this claim is GRANTED.

11    **B.    Medical Treatment**

12    Deliberate indifference to a prisoner's serious medical needs violates the Eighth

13 Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*,

14 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an

15 examination of two elements:  the seriousness of the prisoner's medical need and the nature

16 of the defendant's response to that need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

17 1992) (overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136

18 (9th Cir. 1997) (en banc)).  In determining whether a deprivation of a basic necessity is

19 sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a

20 court must consider the circumstances, nature, and duration of the deprivation.  The more

21 basic the need, the shorter the time it can be withheld.  *See Johnson v. Lewis*, 217 F.3d 726,

22 731 (9th Cir. 2000).  A serious medical need "exists if the failure to treat a prisoner's

23 condition could result in further significant injury or the 'unnecessary and wanton infliction

24 of pain.'"  *McGuckin*, 974 F.2d at 1059 (quoting *Gamble*, 429 U.S. at 104).  As to state of

25 mind, the prison official must not only "be aware of facts from which the inference could be

26 drawn that a substantial risk of serious harm exists," but "must also draw the inference."

27 *Farmer*, 511 U. S. at 837.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   A mere delay in medical treatment without more is insufficient to state a claim of

2   deliberate medical indifference. *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d

3   404, 407 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is

4   no requirement that the delay cause "substantial" harm. *McGuckin*, 974 F.2d at 1060 (citing

5   *Wood v. Housewright*, 900 F.2d 1332, 1339–40 (9th Cir. 1990)).

6   Defendants are entitled to summary judgment as a matter of law. Plaintiff's

7   allegations, when viewed in a light most favorable to him, do not show that the delay of

8   medical treatment for 26 days (October 20–November 15) violated the Eighth Amendment.

9   Even under plaintiff's alleged facts, defendants were certainly aware that plaintiff was in

10  pain, but not aware of a serious risk to plaintiff's health, e.g., there was no bleeding, plaintiff

11  could talk coherently and was ambulatory, and there were no indications that his life or

12  general health were in danger. On such facts, the Court cannot say that delay in seeking

13  treatment rose to the level of a constitutional violation. *See McGuckin*, 974 F.2d at 1062

14  (delay of seven months in providing medical care during which medical condition was left

15  virtually untreated and plaintiff was forced to endure "unnecessary pain" sufficient to present

16  colorable § 1983 claim).

17  Furthermore, plaintiff's medical records undermine his assertion that the delay

18  resulted in harm. According to the November 15th examination notes, plaintiff stated that he

19  was experiencing low back pain, yet the MRI result was normal, and he was prescribed pain

20  medications.

21  Plaintiff, however, asserts that medical records from 2006 and 2010 indicate that he

22  was injured by the 2005 incident. This evidence does not establish such a causal link. A

23  January 2006 surgeon's report states that there was some tenderness and motor restriction,

24  but that plaintiff "did well following his previous surgery with recurrence of symptoms

25  now." The report goes on to state that an MRI is needed to see if there is any disk herniation,

26  and that plaintiff's condition and surgery resulted from the original 1983 injury. An August

27  2006 surgeon's report states that there are disc protrusions, scarring, and that plaintiff is

28

**United States District Court**
For the Northern District of California

1  experiencing pain.  The first 2006 report gives a mildly favorable diagnosis of plaintiff's

2  condition, offers no opinion or indication that his current pain is attributable to his alleged

3  2005 injury, and does not indicate that further treatment is necessary.  The second 2006

4  report indicates that plaintiff had some disc protrusion, but the 10 month gap between the

5  October 2005 incident and the writing of the report negates its evidentiary support for

6  plaintiff's claims.

7      Plaintiff has also submitted a 2010 medical classification chrono.  He asserts that its

8  description of him as "totally disabled" shows that the 2005 injury was sufficiently serious.

9  At least four years separates the alleged 2005 injury from the 2010 medical chrono, and,

10  accordingly, does not show a causal link between the incidents.  In light of the absence of

11  any genuine dispute of material fact, defendants' motion for summary judgment as to this

12  claim must, therefore, be GRANTED.

### CONCLUSION

14      Defendants' motion for summary judgment (Docket No. 33) is GRANTED.  The

15  Clerk will enter judgment in favor of defendants Bailey and Yarbrough as to all claims,

16  terminate Docket No. 33, and close the file.

17      **IT IS SO ORDERED**.

18  DATED:  September 15, 2011

    RICHARD SEEBORG
    United States District Judge